John J. Edmonds (State Bar No. 274200)
    jedmonds@ip-lit.com
COLLINS EDMONDS
Collins Edmonds Schlather & Tower, PLLC
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (213) 973-7846
Facsimile: (213) 835-6996

Attorneys for Plaintiff,
CELLSPIN SOFT INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLSPIN SOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOOV INC. D/B/A MOOV FITNESS INC., <br><br> Defendant. | Case No. 3:17-cv-05929 <br><br> **COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 8,738,794, 8,892,752, AND 9,749,847** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Complaint Filed: October 16, 2017 |

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of United States Patent Nos. 8,738,794 entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content" (the "'794 patent"), 8,892,752 entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content" (the "'752 patent"), and 9,749,847 entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content" (the "'847 patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

2. Plaintiff, Cellspin Soft, Inc. ("Cellspin"), is a California corporation with an office and place business at 1410 Mercy Street, Mountain View, California 94041.

3. Upon information and belief, Defendant, Moov Inc. d/b/a Moov Fitness Inc. ("Moov"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 152 Holly Court, Mountain View, California 94043. Upon

information and belief, Moov Inc. can be served with process through its registered agent CT Corporation System at 818 West 7th Street, Suite 930, Los Angeles, California 90017.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, and 284. This Court has subject matter jurisdiction over this case for patent infringement, including pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Plaintiff is the assignee of the Patents-in-Suit with all right, title and interest to bring the claims herein comprising those for past and present infringement, including to recover damages therefor.

6. The Court has personal jurisdiction over Moov, including because Moov has minimum contacts within the State of California; Moov has purposefully availed itself of the privileges of conducting business in the State of California; Moov regularly conducts business within the State of California; and Plaintiff's cause of action arises directly from Moov's business contacts and other activities in the State of California, including at least by virtue of Moov's infringing methods and products, which are at least practiced, made, used, offered for sale, and sold in the State of California. Moov is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the California Long Arm Statute, due at least to its continuous and systematic business contacts in California, including related to operations conducted from its Mountain View, California headquarters and the infringements alleged herein. Further, on information and belief, Moov is subject to the Court's specific jurisdiction, including because Moov has committed patent infringement in the State of California, including as detailed herein. In addition, Moov induces infringement of the Patents-in-Suit by customers and/or infringing users located in California. Further, on information and belief, Moov regularly conducts and/or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods and services provided to persons and/or entities in California.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b), including because Moov has at least one regular and established place of business in this District and in

California, including in view of its Mountain View, California headquarters, and at least some of its infringement of the patent-in-suit occurs in this District and in California.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,738,794

8.  Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

9.  United States Patent No. 8,738,794 Patent was duly and legally issued by the USPTO on May 27, 2014 after full and fair examination. *See* Exhibit A.

10. Claims of the '794 Patent comprise, in general, methods comprising acquiring new data in a data capture device after establishing a paired connection with a mobile device; determining the existence of new data by the capture device; transferring the new data from the capture device to the mobile device automatically over the paired connection; applying a user identifier uniquely identifying a particular user to the new data; transferring the new data along with the user identifier to a web service; and making available, at the web service, the new data received from the mobile device over the internet, wherein the new data corresponds to the user identifier.

11. Moov has infringed, and is now infringing, the '794 patent, including at least claims 1, 2, 3, 4, 7, and 9, in this judicial district, the State of California, and elsewhere, in violation of 35 U.S.C. § 271 through actions comprising the practicing, without authority from Plaintiff, methods for acquiring and transferring data from Moov Bluetooth enabled data capture devices to Moov web services via Bluetooth enabled mobile devices. On information and belief, Moov at least practices the claimed methods via its fitness tracking devices, including smart watches, wearables, fitness bands, and other data capture devices, designed to monitor a user's biological and/or fitness information and metrics, *e.g.*, heart rate and physical activity such as walking and/or running, as specified herein, comprising Bluetooth functionality, with such products comprising the MOOV HR Burn, MOOV Now, MOOV HR Sweat, MOOV HR Swim, MOOV HR, and MOOV Classic, including when used in conjunction with Moov mobile applications (including iOS and Android versions thereof) comprising Moov Coach and/or Moov Fitness Coach, including when used in conjunction with web services comprising welcome.moov.cc.

12. Without limitation, the accused methods, comprising Moov devices and software which practice said methods, support Bluetooth protocols, including Bluetooth 4.0, which enables connection between such devices and other Bluetooth-enabled mobile devices, such as a cell phone, tablet, laptop, or other mobile device, and which permits the user to acquire and transfer data from Moov devices to the Moov web services via a Bluetooth enabled mobile device. The accused Moov methods comprise acquiring and determining the existence of new tracking data, such as heart rate, steps, etc., in the Moov device after establishing a paired connection with the mobile device, and transferring the new data from the Moov device to the mobile device automatically over the paired connection. The accused Moov methods further comprise the Moov applications receiving the new data from the Moov device and transferring the new data, along with the account information identifying the user, and tied to the new data, to the Moov web service, such that the Moov web service receives, and makes available, the new data received over the Internet. Upon information and belief, at least through Moov's hardware, software, and efforts to test, demonstrate, and otherwise use Moov devices, Moov has practiced the accused Moov methods via at least the use of Moov devices, comprising at least the foregoing steps.

13. Additionally, or in the alternative, Moov has infringed, and now infringing, the '794 Patent in this judicial district, the State of California, and elsewhere, jointly with end users and/or customers (collectively, "users"), wherein all of the foregoing steps are performed by Moov and/or users. Without limitation, Moov provides software modules for Moov Bluetooth enabled capture devices and Moov applications comprising software modules, and Moov further receives new data at its web services and makes said new data available via its web services. Further, without limitation, user mobile devices perform at least the remaining steps in the claimed methods under the direction or control of Moov, including Moov software and hardware, including because user mobile devices perform said steps in order to receive the benefits of Moov's web services and/or application, and/or because Moov conditions use of its web services and/or applications upon performance of the remaining method steps.

14. Moov has had notice of its infringement of the '794 patent pursuant to notifications from

Plaintiff comprising letters mailed on June 15, 2017 and August 31, 2017.

15. To the extent Moov continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '794 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Moov's continuance of its clear and inexcusable infringement of the '794 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

16. Including on account of the foregoing, Plaintiff contends such activities by Moov qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284.

17. Each of Moov's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,892,752

18. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

19. U.S. Patent No. 8,892,752 was duly and legally issued by the USPTO on November 18, 2014 after full and fair examination. *See* Exhibit B.

20. Claims of the '752 Patent comprise, generally, methods comprising establishing a secure paired Bluetooth connection between a Bluetooth enabled data capture device and a Bluetooth enabled mobile device using an encryption key; acquiring new data in the capture device; receiving a message from the mobile device over the paired connection to enable event notification corresponding to new data on the capture device; determining existence of the new data for transfer; sending an event notification to the mobile device, corresponding to existence of the new data, over the paired connection, wherein the mobile device is configured to listen for the event notification; and transferring the encrypted data from the data capture device to the mobile device, over the paired connection, wherein the mobile device sends the obtained new data with an attached user identifier, a hypertext transfer protocol method, and a destination web address to a remote internet server.

21. Moov has infringed, and is now infringing, the '752 patent, including at least claims 1,

2, 4, 5, 12, 13, and 14, in this judicial district, the State of California, and elsewhere, in violation of 35 U.S.C. § 271 through actions comprising the practicing, without authority from Plaintiff, methods for transferring data from Moov Bluetooth enabled data capture device to remote Moov internet servers via Bluetooth enabled mobile devices. On information and belief, Moov practices, and/or induces others to practice, the claimed methods via its fitness tracking devices, including smart watches, wearables, fitness bands, and other data capture devices, designed to monitor a user's biological and/or fitness information and metrics, *e.g.*, heart rate and physical activity such as walking and/or running, as specified herein, comprising Bluetooth functionality, with such products comprising the MOOV HR Burn, MOOV Now, MOOV HR Sweat, MOOV HR Swim, MOOV HR, and MOOV Classic, including when used in conjunction with Moov mobile applications (including iOS and Android versions thereof) comprising Moov Coach and/or Moov Fitness Coach, including when used in conjunction with web services comprising welcome.moov.cc.

22. Without limitation, the accused methods comprising Moov devices and software which practice said methods support Bluetooth protocols, including Bluetooth 4.0, which enables connection between these devices and other Bluetooth-enabled devices, such as a cell phone, laptop, tablet, or other mobile device, which permits the user to establish a secure connection between Moov devices and a mobile device and acquire and transfer data from the Moov devices to the Moov web services via the mobile device. The accused Moov methods comprise establishing a secure paired Bluetooth connection between the Moov device and the mobile device using a Bluetooth encryption key. Once paired, new data is acquired on the Moov device, the Moov device receives a message from the mobile device over the paired connection to enable event notifications which correspond to new data on the Moov device, the Moov device determines the existence of the new data for transfer, and the Moov device sends an event notification to the mobile device over the paired connection, corresponding to existence of new data for transfer, wherein the mobile device is configured to listen for the event notification. The encrypted data is transferred from the Moov device to the mobile device over the paired connection, wherein the mobile device sends the obtained new data along with the

account information, a hypertext transfer protocol operation, and a destination web address to the Moov web server. Upon information and belief, at least through Moov's hardware, software, and efforts to test, demonstrate, and otherwise use Moov devices, Moov has practiced the accused Moov methods via at least the use of Moov devices, comprising at least the foregoing steps.

23. Moov has had notice of its infringement of the '752 patent pursuant to notifications from Plaintiff comprising letters mailed on June 15, 2017 and August 31, 2017.

24. Additionally, or in the alternative, Moov has induced, and continues to induce, infringement of the '752 Patent in this judicial district, the State of California, and elsewhere, by actively inducing direct infringement of the '752 Patent, including by knowingly and actively aiding or abetting infringement by users, by and through at least instructing and encouraging the use of the Moov products and software noted above. Such aiding and abetting comprises providing devices, software, web servers, and/or instructions regarding the use and/or operation of the Moov devices, applications, and web servers in an infringing manner. Further, the direct infringement of users that occurs in connection with Moov's applications and/or web services occurs under the direction or control of Moov, including Moov software and hardware, including because user devices perform said steps in order to receive the benefits of Moov's web services and/or mobile application, and/or because Moov conditions use of its web services and/or mobile applications upon performance of the remaining method steps. Such induced infringement has occurred since Moov became aware of the '752 Patent, at a minimum, as noted above, and the knowledge and awareness that such actions by users comprise infringement of the '752.

25. To the extent Moov continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '752 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Moov's continuance of its clear and inexcusable infringement of the '752 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

26. Including on account of the foregoing, Plaintiff contends such activities by Moov

[COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 8,738,794, 8,892,752, 9,258,698, AND 9,749,847]
Case No.:  17-cv-5929

qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284.

27. Each of Moov's aforesaid activities have been without authority and/or license from Plaintiff.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,749,847

28. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

29. U.S. Patent No. 9,749,847 was duly and legally issued by the USPTO on August 29, 2017 after full and fair examination. *See* Exhibit C.

30. Claims of the '847 Patent comprise, generally, systems comprising a capture device comprising:  a communication device configured to establish a secure paired connection with a cellular phone, a processor configured to acquire new-data using a data capture circuitry after the paired connection is established, wherein said processor is configured to store the acquired new-data in a coupled memory device and send an event notification along with the acquired new-data to the cellular phone over the paired connection; and a mobile application comprising a graphical user interface in the cellular phone configured to listen for and receive the event notification, receive the acquired new-data over the established paired connection, store the new-data in a memory device of the cellular phone before transfer to a website, and use HTTP to transfer the new-data, along with user information, to the website over a cellular data network.

31. Moov has infringed, and is now infringing, the '847 patent, including at least claims 1, 2, and 3, in this judicial district, the State of California, and elsewhere, in violation of 35 U.S.C. § 271 through actions comprising the making, using, offering for sale, and/or selling, without authority from Plaintiff, systems for transferring data from Moov Bluetooth enabled data capture devices to Moov websites via Bluetooth enabled cellular phones. On information and belief, Moov makes, uses, offers for sale, and/or sells, and/or induces others to use, the claimed systems, including fitness tracking devices, including smart watches, wearables, fitness bands, and other data capture devices, designed to monitor a user's biological and/or fitness

information and metrics, *e.g.*, heart rate and physical activity such as walking and/or running, as specified herein, comprising Bluetooth functionality, with such products comprising the MOOV HR Burn, MOOV Now, MOOV HR Sweat, MOOV HR Swim, MOOV HR, and MOOV Classic, including when used in conjunction with Moov mobile applications (including iOS and Android versions thereof) comprising Moov Coach and/or Moov Fitness Coach.

32. Without limitation, the accused Moov devices support Bluetooth protocols, including Bluetooth 4.0, which enables connection between such devices and other Bluetooth-enabled devices, such as a cellular phone, which permits the user to establish a secure connection between the Moov devices and a cellular phone and acquire and transfer data from the Moov devices to the Moov web services via the cellular phone. These Moov devices comprise capture devices, comprising a communication device within the Moov devices configured to establish a secure paired connection with a cellular phone, a processor configured to acquire new-data on the Moov devices, *e.g.*, heart rate or step tracking data, using data capture circuitry within the Moov devices after the paired connection is established. The processor within the Moov devices is coupled to a memory device within said devices, wherein said processor is configured to store the acquired new-data in the memory device and send an event notification, along with the acquired new-data, to the authenticated and paired cellular phone over the established paired connection. The Moov application comprises a graphical user interface for operation on the cellular phone, and the Moov application is configured to listen for and receive the event notification from the Moov devices, receive the acquired new-data over the established paired connection from the Moov devices, store the new-data in a memory device of the cellular phone before transfer to the Moov websites, and use HTTP to transfer the new-data, along with the account information, to the Moov websites over a cellular data network servicing the cellular phone. In addition, and in the alternative, to Moov's making, offering for sale, and/or selling of the Moov devices and applications, upon information and belief, at least through Moov's hardware, software, and efforts to test, demonstrate, and otherwise use Moov devices, Moov has used the claimed systems via at least the use of the Moov devices as noted

above.

33. Moov has had notice of its infringement of the '847 patent pursuant to notification from Plaintiff comprising a letter mailed on August 31, 2017.

34. Additionally, or in the alternative, Moov has induced, and continues to induce, infringement of the '847 Patent in this judicial district, the State of California, and elsewhere, by intentionally inducing direct infringement of the '847 Patent, including by knowingly and actively aiding or abetting infringement by users, by and through at least instructing and encouraging the use of the Moov products and software noted above. Such aiding and abetting comprises providing devices, hardware, software, websites, and/or instructions, including providing the accused Moov devices and applications to users who, in turn, use the claimed systems, including as noted above. Further, the direct infringement by users of the claimed systems provides the user with a direct benefit from the use of Moov devices and applications. Such induced infringement has occurred since Moov became aware of the '847 Patent, at a minimum, as noted above, and the knowledge and awareness that such actions and use by users comprise infringement of the '847.

35. To the extent Moov continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '847 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Moov's continuance of its clear and inexcusable infringement of the '847 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

36. Including on account of the foregoing, Plaintiff contends such activities by Moov qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284.

37. Each of Moov's aforesaid activities have been without authority and/or license from Plaintiff.

## DAMAGES

38. By way of its infringing activities, Moov has caused, and continues to cause, Plaintiff

page

to suffer damages, and Plaintiff is entitled to recover from Moov the damages sustained by Plaintiff as a result of Moov's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

39. Moov's infringement of Plaintiff's rights under the Patents-in-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

40. Plaintiff also requests that the Court make a finding that this is an exceptional case entitling Plaintiff to recover their attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgment in favor of Plaintiff and against Moov, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the Patents-in-Suit has been directly and/or indirectly infringed by Moov;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for Moov's past infringement, together with pre-judgment and post-judgment interest, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A grant of preliminary and permanent injunction pursuant to 35 U.S.C. § 283, enjoining Moov and all persons, including its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation therewith, from making, using, offering to sell, or selling in the United States or importing into the United States any methods, systems, or computer readable media that directly or indirectly infringe any claim of the Patents-in-Suit, or any methods, systems, or computer readable media that are colorably different;

D. That this Court declare that Moov's infringement has been, and continues to be, willful, including that Moov acted to infringe the Patents-in-Suit despite an objectively high likelihood that its actions constituted infringement of a valid patent and, accordingly, award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. A judgment and order requiring Moov to pay Plaintiff their damages, costs, expenses, fees, and prejudgment and post-judgment interest for Moov's infringement of the Patents-in-Suit as provided under 35 U.S.C. §§ 284 and/or 285; and

G. Any and all further relief for which Plaintiff may show itself justly entitled that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully requests a trial by jury of any issues so triable by right.

Dated:  October 16, 2017

COLLINS EDMONDS
SCHLATHER & TOWER, PLLC

By:   */s/ John J. Edmonds*
JOHN J. EDMONDS
State Bar No. 274200

*Attorneys for Plaintiff,*
*CELLSPIN SOFT INC.*

Of counsel:

Stephen F. Schlather (*pro hac vice* to be filed)
 sschlather@ip-lit.com
Brandon G. Moore (*pro hac vice* to be filed)
 bmoore@ip-lit.com
COLLINS, EDMONDS
SCHLATHER & TOWER, PLLC
1616 South Voss Road, Suite 125
Houston, Texas 77057
Telephone:  (713) 364-5291
Facsimile:  (832) 415-2535

[COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 8,738,794, 8,892,752, 9,258,698, AND 9,749,847]

Case No.:  17-cv-5929